**MORTON SALT CO. v. SCHOOL DIST. NO. 136, RENO COUNTY, KAN., et al.**

District Court, D. Kansas, Second Division. February 9, 1929.

No. 401–N.

Malloy, Davis & White, of Hutchinson, Kan., for plaintiff.

Walter F. Jones, of Hutchinson, Kan., for defendants.

POLLOCK, District Judge. This is a suit for injunctive relief against defendant school district and its officers to restrain and enjoin defendants from issuing $50,000 of bonds or obligations of the district for the purpose of building a high school building in said district. A temporary restraining order was issued, which, by stipulation of parties, has been continued in force until final decree in the suit. Parties have agreed upon the facts of the case by a stipulation on file. The salient features of the case, as briefly summarized from the agreed facts, may be stated as follows:

Complainant is a corporation under the laws of the state of Illinois; defendant school district No. 136, of Reno county, is a municipal corporation organized under the laws of the state; defendants Montford, Wright, and Stewart are the director, treasurer, and clerk of said school district. If the bonds, the issuance of which is sought to be restrained in this suit, are issued in the sum of $50,000, complainant salt company will be compelled to pay more than one-half of the same. The total valuation of the property of the salt company as returned for taxation is $800,000. The total valuation of all the property in school district No. 136 is $1,453,207. Six separate petitions were circulated in the district to obtain signatures to a proposition to be submitted to electors of the district for the building of a high school building. The number of qualified electors in the district is 355. No notice of the bond election called was posted in five public places ten days prior to the date the election was to be held. The notice of election reads, as follows:

"Notice of District Bond Election.

"In compliance with a petition dated the 25th day of November, A. D. 1925, and signed by one-half of the qualified electors of School District No. 136, County of Reno, State of Kansas, it is hereby ordered by the District Board of said district that

"An Election

be held at the School House in South Hutchinson, commencing at eight o'clock a. m., and closing at six o'clock p. m., on the 8th day of December, A. D. 1925, upon the question of issuing the bonds of the district to the amount and for the purpose prayed for in said petition, namely, the sum of fifty thousand ($50,000) dollars, for the purpose of erecting and equipping a high school build-

ing. Bonds to be sold at not less than ninety-five cents on the dollar. The vote shall be by ballot. On the ballots in favor of the issue of the bonds shall be written the words, 'for the bonds;' and on the ballots against the issue shall be written, 'Against the bonds.'

"Dated this 27th day of November, A. D. 1925.

"Posted at five places in district this 27th day of November, 1925.

"By order of the District Board.

"M. L. Stewart, District Clerk.

"Remarks.—The legal voters present at the time for opening the polls shall select from their number, viva voce, three judges of election, who shall appoint two clerks of election. Previous to receiving any votes the judges and clerks shall severally take and subscribe an oath or affirmation to support the constitution of the United States and of the state of Kansas, and to faithfully discharge the duties of their respective offices, which oath or affirmation the judges and clerks are empowered to administer to each other.

"Ten days should intervene between the date of posting this note and the day of election.

"A copy of this notice must be posted in five public places in the district.

"One of the original notices (one that has been posted) should be submitted with other papers to the school fund commissioners.

"Bonds can be voted only for the purpose of erecting and equipping, or purchasing and equipping, one or more schoolhouses. Bonds cannot be issued for any amount in excess of five per cent. of the taxable value of property in the district. A majority of all the legal electors, both male and female, voting on the proposition, must vote in favor of the bonds to make the election legal."

The ballot provided:

"Shall the following be adopted:

"Shall the Board of Directors of School District Number 136, Reno County, Kansas, issue the bonds of School District Number 136 in the sum of Fifty Thousand Dollars ($50,000.00) payable in 20 years for the purpose of erecting a High School Building in School District Number 136?"

One hundred and seventy-nine of the electors voted in favor of this proposition. School district No. 136 composed a part of 9 sections of land, but does not include all of any one section. The total acreage in said district is approximately 4½ sections of land. Included in this district, and forming a part thereof, is the city of South Hutchinson, a city of the third class under the laws of the

state of Kansas, with a population of 719 persons. The objections to the issuance of the bonds involved in the present suit are based upon the following propositions:

(1) School district No. 136, under the laws of its creation, has no power to build and maintain a high school; (2) the issue of bonds, defendants threaten to and will issue unless restrained, exceed the amount which the district may issue under the law; (3) the proceedings on which the school district and its officers rely for authority to issue the bonds are defective, irregular, and void, wholly insufficient to show a substantial compliance with the law.

■ Other objections discussed need no separate consideration. As defendant school district is purely a creature of statutory law, it may do what the law of its creation authorizes it to do, and may not do or undertake that which the law does not sanction.

The first proposition is: May defendant district erect a high school building and maintain a high school by the issuance of the bonds in suit? The question propounded to the electors of the district, as above quoted, leaves no room to doubt the purpose of the district in proceeding was to issue bonds for the erection of a high school building. Has the district the power, through the consent of a majority of its electors, to erect and maintain such high school under the law of its creation?

■ While under the acts of the state Legislature relative to high schools are found many under different names, such as community high schools, rural high schools, county seat high schools, township high schools, etc., none appear created by the law in the manner school district No. 136, Reno county, was created. In other words, as indicated by its name, defendant school district No. 136, Reno county, was created, and for anything appearing in the record remains, simply a common school district, and is governed by the provisions of section 72—214 and following, Revised Statutes of Kansas, of 1923. Under the agreed facts the city of South Hutchinson is a city of the third class and forms a part of said school district No. 136. I have sought in vain for any statutory power conferred upon a school district such as is district No. 136 to provide itself with a building to be employed for high school purposes of any kind, or to enable the district to conduct and maintain a high school. The state Legislature has provided for different kinds of high schools under the laws of the state, and has conferred upon such schools many powers that might be exercised by such high

schools, but may not be under the law exercised by defendant school district No. 136. Undoubtedly there is ample authority in the law for the defendant school district to provide reasonably suitable and adequate buildings and equipment to conduct a district school, but I find none whatever authorizing it to issue bonds for the purpose of providing a high school building in this territory, or power by taxation to raise funds to conduct a high school. Such schools can be, under the laws of this state, conducted only in the manner by law provided.

For lack of power to proceed as defendant school district has attempted to do in this case, the proceedings must be permanently enjoined; and it is so ordered.